UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOFFRE ALOUSO PLAZA-AREVALO,

v.  Case No. 8:09-cr-571-T-17TBM
 8:11-cv-1670-T-17TBM

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Defendant Plaza Arevalo's "Motion to Compel Government to Furnish All Briefs and Transcripts of Petitioner's Prior Sentencing and Plea Hearing; or, in the Alternative, for the Court to Provide Petitioner with Copies from the Court's Record" (D-cv-14). Prior to the filing of his motion to compel, this Court preliminarily reviewed Plaza- Arevalo's section 2255 motion and the government's response which included an affidavit from his former counsel and documentation showing Plaza-Arevalo had agreed post-sentencing in a signed statement not to directly appeal his conviction or sentence. D-cv-10. This Court noted the inconsistencies between Plaza-Arevalo's and his former counsel's accounts of their communications concerning the filing of a notice of appeal. Id. at 3.

This Court's show cause order cautioned Plaza-Arevalo that his section 2255 motion was subject to dismissal if he could not adequately explain his representations concerning the filing of the notice of appeal.

In lieu of a reply, Plaza-Arevalo essentially files a motion for discovery pursuant to Rule 5(c) of the Rules Governing § 2255 Cases claiming the government should have

provided him with copies of the transcripts. D-cv-14 at 2. Rule 5(c) provides: "If the answer refers to briefs or transcripts of the prior proceedings that are not available in the court's records, the judge must order the government to furnish them within a reasonable time that will not unduly delay the proceedings." Consistent with this rule, this Court directed the government to order transcripts as appropriate along with filing its response. D-cv-7. Contrary to Plaza-Arevalo's contention, the government was not required to provide him with a copy of the transcripts pursuant to Rule 5(c) when filing its response.

Plaza-Arevalo and his "prisoner-advocate" not only fail to address this Court's concerns regarding his notice of appeal ground, but also their request wholly ignores this Court's previous ruling denying a request for records. D-cv-2, D-cv-3, D-cv-7, D-cv- 11. Specifically, Plaza-Arevalo expands his original request (sentencing transcript, plea agreement, motions, and responses in his criminal case (D-cv-3)) to now ask this Court to provide him with copies of "all pleadings and records" in the court file or alternatively, to be provided with the government's "discoverable records" so he can "determine whether or not additional issues are ripe for inclusion with [his] § 2255 motion" or as support for his previous grounds. D-cv-14 at 2.

Plaza-Arevalo is not entitled to any relief because he fails to articulate how his request for discovery for court records would aid his response to this Court concerning his off-record communications with counsel regarding the notice of appeal or be able to refute his signed consent that he did not wish to appeal. Nor does Plaza-Arevalo explain what court documents would benefit the development of a supplemental issue.

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997);

*Isaacs v. Head*, 300 F.3d 1232, 1248 (11th Cir. 2002). The rules governing proceedings under 28 U.S.C. § 2255 provide that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a) of the Rules Governing Section 2255 Proceedings. Good cause for discovery may be shown where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Reed v. Culliver*, 244 Fed. App'x 304, 306 (11th Cir. 2007) (quoting *Bracy*, 520 U.S. at 908-09. However, "good cause for discovery cannot arise from mere speculation." *Reed,* 244 Fed. App'x at 306 (quoting *Arthur v. Allen*, 459 F.3d 1310, 1311 (11th Cir. 2006). Further, a defendant does not have a constitutional right to a free transcript in a § 2255 proceeding, rather he is entitled to a transcript if he demonstrates that his claim is not frivolous and that the transcript is needed to decide the issue presented in the case. *See United States v. MacCollom*, 426 U.S. 317, 325-27 (1976). *See also Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error.").

Even if this Court would grant his motion to compel, Plaza-Arevalo cannot amend his section 2255 motion at this time. Plaza-Arevalo had until June 11, 2011, to file his section 2255 motion. Any amendment to his motion by adding new grounds at this late date would make those grounds time-barred. A supplemental claim raised after time has expired to file a Section 2255 motion is timely only if it relates back to the claims the petitioner raised in his original motion. *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003); see also Fed. R. Civ. P. 15(c).

Plaza Arevalo would need this Court's permission to supplement his previously stated grounds and the untimely claim(s) must arise from the "same set of facts" as the timely filed claim, "not from separate conduct or a separate occurrence in 'both time and type.'" *Farris*, 333 F.3d at 1215 (quoting *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000)). The key consideration is that the amended claim must arise from the same conduct and occurrences which were the basis of the original claim. *See Dean v. United States*, 278 F.3d 1218, 1221-22 (11th Cir. 2002) ("[W]hile Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment."). Here, Plaza-Arevalo fails to identify any supplemental issues he seeks permission to include. His request amounts to an unfettered request for an extension of time to file his reply without providing this Court with a basis to evaluate whether any "additional issues" actually exist or relate back in any way to his previously raised grounds. Permitting Plaza-Arevalo to amend or supplement his section 2255 motion at this juncture would frustrate the procedural and substantive limitations of collateral review. See, e.g., 28 U.S.C. foll. § 2255, Rules 4 (explaining court's obligation to conduct preliminary review of motion), 5 (governing the filing of answers), 6 (authorizing discovery), 8 (governing hearings); see also 28 U.S.C. § 2255 (establishing one-year limitations period for claims).

Nothing in Plaza-Arevalo's motion to compel or his section 2255 motion suggest a different result if he had chosen to go to trial instead of pleading guilty. In fact, Plaza-Arevalo does not assert that he would not have plead guilty but for counsel's advice. Instead, he asks for an evidentiary hearing or to be permitted to file a belated notice of appeal, neither of which offer any explanation of how additional "discovery" would aid his

4

claims nor constitute a prima facie showing of a right to discovery. Plaza-Arevalo has not shown good cause for discovery. *See Bracy*, 520 U.S. at 908-09; *Wallace v. Ward*, 191 F.3d 1235, 1245 (10th Cir. 1999). Rather, Plaza-Arevalo's motion is based upon erroneous factual predicates and misinterpretations of the law.

Accordingly, the Court orders:

1. That Plaza-Arevalo's motion to compel (Doc. 14) is denied.

2. That, on or before **March 10, 2012,** Plaza-Arevalo shall show cause why this Court should not dismiss, in its entirety, his motion to vacate, for misrepresenting to the Court what he told his attorney about filing a notice of appeal. If Plaza-Arevalo does not show cause within the allotted time, the Court will construe his silence as abandoning his claim that he told his attorney he wanted to file a notice of appeal and his attorney did not do so.

ORDERED at Tampa, Florida, on February 7, 2012.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: W. Stephen Muldrow
Joffre Alouso Plaza-Arevalo